IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RODERICK L. REESE, | § | |
| TDCJ-CID # 102790, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-105 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Roderick L. Reese, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ-CID disciplinary hearing. This action will be dismissed because it is baseless.

### I. Procedural History and Claims

Reese is serving a 35 year prison sentence pursuant to a burglary conviction (*See Reese v. Dretke*, No. H-05-2525); however, he does not challenge the validity of any felony judgment in this petition. Instead, he challenges the finding of a TDCJ-CID disciplinary hearing officer. Reese asserts that he was convicted and punished on August 8, 2005, for breaking the prison disciplinary rules. As punishment, Reese forfeited thirty days of commissary and recreation privileges, spent thirty days in cell restriction, and was demoted from Line Class 1 to Line Class 2. Reese did not lose any good-time credits as a result of the proceeding. *See* Petition, Docket Entry No. 1, at 5. Reese alleges that his due process rights were violated. He also claims that TDCJ-CID officials had fabricated the charges against him in order to cover their own violations of prison policies.

## II. Analysis - No Actionable Punishment

A central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison. *See Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). Reese admits that he did not lose any good-time and that the only punishment he suffered was a temporary forfeiture of privileges and a demotion in classification.

Reese does not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). Although he may reason that a reduction in time earning status would lengthen his stay in prison, such arguments have been rejected as speculative. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn good-time credits due to classification is a consequence which does not implicate constitutional interests). Inmates, such as Reese, may be allowed to earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, but they do not have an unqualified right to earn good time. TEX. GOVT. CODE § 498.003(a) (West 2006) ("Good conduct time is a privilege and not a right.").

There is no legal basis to Reese's claim regarding his temporary loss of commissary, recreation, and cell privileges because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, at 193. A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. The temporary restrictions placed upon Reese do not implicate due process concerns. *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact

merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

If Reese were actually challenging a forfeiture of good-time, such a claim might be actionable if his release under mandatory supervision were actually delayed by the results of the disciplinary proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). But such a scenario does not apply to this action, and Reese does not present any disciplinary sanction which can be remedied by this court. *Id.*; *see also Orellana*, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Similarly, any possible adverse effects the disciplinary action may have had on Reese's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Reese's habeas petition is **DISMISSED** because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000)

(internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Reese has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## IV. Conclusion

The court **ORDERS** the following:

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. The petitioner's motions for discovery, appointment of counsel, temporary restraining order, and summary judgment (Docket Entry Nos. 2, 5, 6, and 8) are **DENIED**

3. A Certificate of Appealability is **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** on this 20th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE